**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
| ARISMENDY MARTINEZ RESENDIZ, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 2:26-cv-2323 |
| | : | |
| J.L. JAMISON, *in his official capacity as* | : | |
| *Warden of Federal Detention Center,* | : | |
| *Philadelphia*, *et al.*, | : | |
| Respondents. | : | |

---

**O R D E R**

**AND NOW,** this 28th day of April, 2026, upon consideration of the Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Response in Opposition, ECF No.

4;[2] the parties' Stipulation to waive a hearing, ECF No. 5; and for the reasons set forth in this

Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518, 2026 WL 141803 (E.D. Pa.

Jan. 20, 2026) and *Mirdjalilov v. Federal Detention Center Philadelphia, et al.*, No. 2:25-cv-

---

[1]    Petitioner Arismendy Martinez Resendiz, a citizen of Mexico, entered the United States
without inspection in or about 2012. *See* Pet. ¶¶ 1-2, ECF No. 1. Since then, he has
continuously been in the United States and has two children who are United States citizens. *See
id.* ¶¶ 4, 34. On April 9, 2026, Martinez Resendiz, who was residing in Norristown,
Pennsylvania, was arrested and detained by agents of Immigration and Customs Enforcement
("ICE") while in a Wawa parking lot in Norristown. *See id.* ¶¶ 5, 8. He was not given any
reason for his detention and is being held in ICE custody without bond having been set. *See id.* ¶
6. Prior to his April 9, 2026 arrest, Martinez Resendiz was never arrested by any agency. *See id.*
¶ 3. In his habeas petition filed on April 9, 2026, he alleges that his detention violates the
Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), the Fifth
Amendment Due Process Clause, and bond regulations 8 C.F.R. §§ 236.1, 1236.1, and 1003.19.
*See id.* ¶¶ 31-51.
[2]    On April 17, 2026, Respondents filed their Response, arguing that the Court should deny
habeas relief because: (1) Martinez Resendiz is lawfully detained pursuant to 8 U.S.C. §
1225(b)(2); and (2) his detention does not violate Constitutional due process requirements. *See*
Resp., ECF No. 4.

07068, 2026 WL 184249 (E.D. Pa. Jan. 23, 2026), which are incorporated in their entireties

herein;[3] **IT IS ORDERED THAT**:

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

1.  Petitioner Arismendy Martinez Resendiz is not subject to mandatory detention

under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary

provisions of 8 U.S.C. § 1226(a);[5]

---

[3]   These opinions addressed similar habeas claims and rejected the Government's arguments, which are substantially the same as those brought in the above-captioned action. These opinions represent only two of dozens of analogous cases decided similarly in this District.  In a manner consistent with other recent decisions in this District, this Court found that that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2).  The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required, but the Respondents chose not to make these arguments in the instant case.  *See* Resp. 4 n.3

[4]   Martinez Resendiz's continued detention without a bond hearing violates the INA.  As he is entitled to habeas relief on this basis, the Court will not reach the merits of Martinez Resendiz's claims based on violations of the APA, Fifth Amendment due process, or bond regulations.  Since the INA violation is based on the lack of a bond hearing, the Court will order one.  Because the petition seeks relief in the form of immediate release, it is granted only in part. To the extent counsel seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), he may file a separate motion.

[5]   Unlike the habeas petitioners in *Restrepo*, No. 2:25-cv-06518, and *Mirdjalilov*, No.  2:25-cv-07068, Martinez Resendiz has no pending application for citizenship or asylum; in fact, it appears that he has never attempted to obtain lawful status in the United States.  *See* Resp. 1, 8. Thus, he cannot be said to be "seeking admission" as required for the government to detain him under 8 U.S.C. § 1225(b)(2).  He is not "taking active steps to obtain entry into the United States," but rather, "entered the United States in [2012] and has lived here ever since. . . . Section 1225 therefore does not apply to him."  *See Quevedo Rivera, Derix Antonio v. Jamison*, No. 26-1653, 2026 WL 782166, at *3 (E.D. Pa. Mar. 19, 2026) (finding that a factually similar petitioner, who entered the United States without inspection and lived here undetected by DHS for several years, was not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2) but the discretionary detention provision of 8 U.S.C. § 1226(a), because he was a noncitizen already present here (citing *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))).

2.      **Within seven (7) days of the date of this Order**, the Government SHALL

provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3.      If a bond hearing is not held before an Immigration Judge within seven (7) days,

the Government shall immediately RELEASE Petitioner from ICE custody; and

4.      The Clerk of Court shall mark this case **CLOSED**.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

3
042826